**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| GEORGE MOJET, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 1:06-CV-321 TS |
| v. ) | |
| ) | |
| TRANSPORT DRIVER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

George Mojet, Jr., a *pro se* prisoner, submitted a Complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mojet alleges that on March 7, 2006, he was injured while riding in the back of an Allen County Jail van. He was returning to the Allen County Jail from the St. Joseph Hospital when the driver of the van slammed on the brakes and swerved in order to avoid hitting a vehicle that had pulled out in front of them. Mojet asserts that because the van did not have seat belts or other safety restraints, he was thrown into the front wall of the van which caused pain in his neck, lower back, and right arm.

Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

Transporting inmates in vans without seat belts does not meet the deliberate indifference standard. Even if failure to have safety belts is unreasonable or negligent, it does not represent a total lack of concern for the inmate passengers and is not the functional equivalent of wanting harm to come to the inmates who ride in the vans. The threshold for liability set by the Eighth Amendment is very high and based on the allegations in this Complaint, there is no basis for finding that the Defendants were criminally reckless for failing to use vans with seat belts. These claims are dismissed.

Mojet also asserts that the Defendants failed to stop the driver of the other vehicle to obtain his driver information. This allegation also does not rise to the level of deliberate indifference. Failure to exchange information did not deprive Mojet of the minimal civilized measure of life's necessities. As a result, this claim is also dismissed.

Finally, Mojet asserts that he was denied adequate medical treatment. Mojet visited the doctor after the accident and the doctor prescribed ibuprofen for his pain. Mojet continued to

complain about the pain and requested x-rays. No x-rays were ever taken. "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. . . [and] is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (stating that "a difference of opinion as to how a condition should be treated does not give rise to a constitutional violation.") While Mojet may have thought that x-rays were necessary, the doctor was not required to give in to his demands. The doctor examined Mojet and determined that pain medication was the best course of treatment. Even if the doctor's treatment decision was negligent, Mojet would have no constitutional claim as medical malpractice does not qualify as deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). In *Higgins v. Correctional Medical Services of Illinois, Inc.*, 178 F.3d 508, 513 (7th Cir. 1999), the court granted summary judgment for the defendants on the plaintiff's § 1983 claim that he was denied medical care when he was not taken to a hospital to get x-rays after complaining of shoulder pain. The court, citing *Estelle v. Gamble*, 429 U.S. 97 (1976), stated that "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice . . . ." *Higgins*, 178 F.3d at 513.

Although Mojet alleges that he remained in pain, the Eighth Amendment does not require medical success, it only prohibits wanting harm to come to the patient. The doctor did not act with deliberate indifference by failing to x-ray Mojet's neck, back, and arm upon Mojet's subjective complaints of continued pain.

In addition to his claims against the doctor, Mojet asserts claims against the Jail Commander, Sheriff James Herman, and the Allen County Confinement Center for inadequate medical treatment. None of these defendants are healthcare providers or medical experts. Mojet was seen by a doctor.

4

> If a prisoner is under the care of medical experts[,] a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted) *citing Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "Because Mojet was being treated by a doctor, the Jail Commander, Sheriff James Herman, and the Allen County Confinement Center are not liable for inadequate medical care. Consequently, all of Mojet's claims related to inadequate medical care are dismissed.

For the forgoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED on November 22, 2006.

       s/ Theresa L. Springmann
      THERESA L. SPRINGMANN
      UNITED STATES DISTRICT COURT
      FORT WAYNE DIVISION